James A. Roe, Jr., J.
In this action by the plaintiff husband against his wife, the plaintiff moves to dismiss the fifth counterclaim upon the ground that it did not accrue within the three years limited by law for the commencement of said action.
Under said counterclaim the defendant wife seeks to recover the sum of $4,600 “ or more ” upon the following allegations: that subsequent to the marriage of the parties on April 11, 1942, the defendant, from time to time, purchased United States Savings Bonds in the name of “ Eleanor L. Einhorn or Simon Einhorn (or Sy Einhorn) these bonds were kept in a bank safe-deposit vault in the defendant’s name and she appointed the plaintiff “ deputy ” with respect to said bank safe-deposit vault, hut the keys thereto were in the sole and exclusive custody of *84 the defendant who kept same under lock and key. It is then alleged that in the latter part of 1957, or the early part of 1958, the plaintiff, without the defendant’s knowledge, authorization or consent, broke into the container in which the vault key was kept, took possession thereof and used it to open the aforementioned safe-deposit vault and took therefrom the aforementioned United States Savings Bonds in the aggregate face value of $4,600, all of which had been purchased out of moneys earned by the defendant; that although the defendant demanded the return of the foregoing bonds, the plaintiff so far has failed, neglected and refused to do so and has cashed the same, keeping the proceeds thereof; that the plaintiff is indebted to the defendant in the sum of more than $4,600 by reason of the fact that some of the afore-mentionel bonds had already matured at the time of the alleged “ wrongful taking by the plaintiff.”
The foregoing counterclaim is characterized by the plaintiff as a cause of action for conversion and that since at the latest such conversion took place in the early part of 1958 the service of the answer containing the counterclaim on July 7, 1962, is untimely by reason of the three-year Statute of Limitations applicable to actions in conversion. (Civ. Prac. Act, § 49, subd. 7.)
This court is of the opinion that since the savings bonds were registered in both names, as above described, there can be no conversion by either under the allegations here involved. A conversion has been defined to be ‘ ‘ an unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner’s rights.” (Laverty v. Snethen, 68 N. Y. 522, 524.)
Taking the allegations of the counterclaim realistically, the essence thereof is a cause of action for money had and received by the plaintiff when he cashed the bonds registered in the names of both and kept the proceeds thereof for himself. Such an action is governed by the six-year Statute of Limitations. (Civ. Prac. Act, § 48, subd. 1.) The motion is, accordingly, denied.