**914**

■ SIMON EINHORN, Appellant, v. ELEANOR L. EINHORN, Respondent.— In an action by a husband against his wife to recover moneys withdrawn from a joint bank account, in which the wife interposed, *inter alia,* a "Fifth" counterclaim to recover the value of certain United States Savings Bonds, the plaintiff appeals from a resettled order of the Supreme Court, Queens County, dated October 23, 1962, which denied his motion to dismiss such counterclaim as barred by the Statute of Limitations. Order reversed, without costs; and motion granted, with leave to defendant, if so advised, to replead such counterclaim within 20 days after entry of the order hereon. In our opinion, the "Fifth" counterclaim as pleaded states a cause of action in conversion; as such it is barred by the three-year Statute of Limitations (CPLR 214, subd. 4; formerly Civ. Prac. Act, § 49, subd. 7). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur. [36 Misc 2d 83.]

■ FRANK GURRIERI et al., as Copartners Doing Business under the Name of J & M FAMOUS MEATS, Respondents, v. GEORGE V. SPOHRER, Doing Business under the Name of AMITYVILLE FARMER'S MARKET, Appellant, et al., Defendant. — In a negligence action to recover damages for injury to property, defendant Spohrer appeals from so much of an order of the Supreme Court, Suffolk County, dated September 16, 1963: (1) as denied his motion to dismiss the complaint for lack of prosecution "upon condition that the plaintiffs serve and file a note of issue and a statement of readiness within 20 days after service" thereof; and (2) as, in denying plaintiffs' cross motion *inter alia* for continuation of the pretrial examination of said defendant, directed that the action proceed to trial without benefit of pretrial examinations of any of the parties. Order, insofar as appealed from, reversed, without costs; the defendant Spohrer's motion to dismiss the complaint granted unconditionally; and complaint dismissed, without costs. In our opinion, plaintiffs' inactivity for two years demonstrates abandonment of the action. Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.

■ In the Matter of CARRIAGE HILL, INC., Appellant, v. ROBERT A. LANE, as Building Inspector of the Town of Poughkeepsie, Respondent, and ROBERT E. MIDDLETON et al., Intervenors-Respondents.— In a proceeding under article 78 of the former Civil Practice Act, to compel the respondent, Building Inspector of the Town of Poughkeepsie, to issue to the petitioner a permit for the construction of certain multiple dwelling buildings, the petitioner, by permission, appeals from an order of the Supreme Court, Orange County, dated September 13, 1963, which granted the motion by an owner of a neighboring single-family dwelling and by 125 other named persons: (a) to intervene as parties; and (b) to make a motion to dismiss the petition on the ground that the court does not have jurisdiction, and for other and alternative relief. Order reversed, without costs, and motion denied, without prejudice to renewal upon proper papers and proof as indicated herein. The court has no power to grant leave to intervene where, as here, the prosepective intervenors did not include in their motion papers "a proposed pleading setting forth the claim or defense for which intervention is sought" (CPLR 1014; see, also, former Civ. Prac. Act, § 193-b, subd. 3). Furthermore, almost all the applicants for intervention failed to show how the granting of the relief requested in the petition would cause them to suffer any special or unique damage not shared by other property owners in the community. In the absence of such proof, a property owner is not entitled to intervene as a party (*Matter of · Glenel Realty Corp.* v. *Worthington,* 4 A D 2d 702, app. dsmd. 3 N Y 2d 924). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.