▮ JOAN MINTZ et al., Appellants, v. BARBARA FESTA et al., Respondents.— In a negligence action (a) by plaintiff Joan Mintz for damages for personal injuries and (b) by plaintiff Norman Mintz for (1) loss of services, etc., and (2) property damage, plaintiffs appeal from so much of a judgment of the Supreme Court, Kings County, dated December 17, 1965, as is in favor of defendants on the causes for personal injuries and loss of services,· etc., upon a jury verdict. (The judgment is in favor of Norman Mintz on the cause for property damage, for $90, upon the same verdict.) Judgment reversed insofar as appealed from, on the law and the facts, and severance and new trial granted as to the causes for personal injuries and loss of services, etc., with costs to abide the event, the new trial to be limited to the issues (a) whether plaintiff Joan Mintz sustained injuries; and (b) if she did, what damages she is entitled to for her injuries, and what damages plaintiff Norman Mintz is entitled to for loss of services, etc. In finding for defendants on plaintiff Joan Mintz's cause of action for personal injuries and plaintiff Norman Mintz's cause of action for loss of services, etc., while simultaneously finding for plaintiff Norman Mintz on his cause of action for property damage, it is plain that the jury concluded that the accident was caused by defendants' negligence but Joan Mintz did not sustain any injuries. This appeal was briefed by both parties on the assumption that the jury so found; and defendants do not now contend that they were free of negligence. In our opinion, the proof on the issue of Joan Mintz's injuries preponderated so greatly in plaintiffs' favor that the jury obviously did not base its verdict for defendants, on her cause of action and Norman Mintz's cause of action for loss of services, etc., on any fair interpretation of the evidence (*Farrell* v. *Klapach*, 24 A D 2d 590; *Schmeltz* v. *Morehouse*, 20 A D 2d 610; *Jensen* v. *Casale*, 22 A D 2d 994). Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.

▮ MOHAWK MAINTENANCE COMPANY, INC., Respondent, v. CHARLES E. DRAKE, as President of the Air Transport Local 504 of the Transport Workers Union of America, AFL-CIO, Respondent. ALLIED AVIATION SERVICE INTERNATIONAL CORP., Appellant.— Order of the Supreme Court, Queens County, dated March 29, 1967, which denied appellant's motion to intervene in the action pursuant to CPLR 1012 (subd. [a], par. 2) modified by adding a provision thereto that appellant is granted leave to renew its motion upon proper papers, as indicated herein. As so modified, order affirmed, without costs. In this action plaintiff seeks a judgment declaring that it need not arbitrate certain grievances with the defendant labor union. Appellant, which was joined in the initial arbitration proceeding by the union, is desirous of having plaintiff remain in the arbitration proceedng; and by its motion sought to intervene in this action as a matter of right pursuant to CPLR 1012 (subd. [a], par. 2.) We are disposed to grant appellant's motion either pursuant to said paragraph of CPLR 1012 or CPLR 1013, but we are without the power to grant such relief inasmuch as appellant has failed to comply with CPLR 1014 (*Matter of Carriage Hill* v. *Lane*, 20 A D 2d 914). Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.