Breiiel, J.
Section 218 of the General Business Law gives a retail merchant a defense in an action for false arrest and imprisonment for its detention of a suspect shoplifter if reasonable. The issue is whether the merchant’s defense extends to the arrest outside its store and to the continuing custody, including that by the police, of one who left the store with unpaid-for merchandise.
The appeal comes to this court with plaintiff’s complaint dismissed, after a general jury verdict in his favor in the City Court of Syracuse. The Onondaga County Court had reversed and ordered a new trial on the ground that the jury’s general verdict was inconsistent with its answer to a special interrogatory submitted to it. The Appellate Division modified to dismiss the complaint.
The order of the Appellate Division should be affirmed. The jury response to the interrogatory that plaintiff was detained for a reasonable time and that there were reasonable grounds for detaining him gives the merchant a complete defense under the statute. The ensuing custody in the hands of the police was based on at least the same reasonable grounds and is not distinguishable from the preceding period of detention.
On May 7, 1966, plaintiff Jacques, a self-employed carpenter with only three fingers on one hand, entered a Sears, Roebuck store in Syracuse to purchase business supplies. He picked up 19 refleetorized letters and numbers worth 10 cents apiece and put them in his pants pocket. He then selected a mailbox and had two extra keys made. He paid for the mailbox and keys, but not for the letters. He also bought a bulletin board, chalk, an eraser, and a pencil sharpener. He left the store without paying for the letters still in his pocket. At the time he had over $600 in cash and a $400 check in his wallet.
Mr. Yarisco, an individual defendant and a Sears security officer, had observed plaintiff put the letters in his pocket and *470 leave the store without paying. As plaintiff approached his automobile in the store parking lot, Yarisco stopped him and told Mm he was under arrest. Yarisco took him back to the security office. There plaintiff filled out a questionnaire in which he admitted having taken the letters without paying. He said he wished then to pay for the letters; that he was “ sorry about the whole thing ”; and that he “ would never do anything like this again.”
Sears ’ security officers called the Syracuse police who arrived about 20 minutes after the detention began. With the security officers accompanying them, the police took plaintiff to police headquarters, booked him, and later released Mm on bail. Two days later pláintiff appeared before the police court and stated that he was guilty of petit larceny. The court, however, refused to take a plea and advised him to get a lawyer. Later the charge of petit larceny was dismissed on motion of an Assistant District Attorney because of lack of proof of intent.
In this action for damages the jury was charged that if the detention by Sears was reasonable, no damages could be awarded from the time plaintiff was taken into custody until the time when he was turned over to police officers. In answer to an interrogatory submitted by the court, the jury found that plaintiff was “ detained for a reasonable time at Sears Roebuck & Co. and [that] there [were] reasonable grounds to detain him.” Nevertheless, the jury returned a general verdict in favor of plaintiff in the amount of $1,600. The trial court sustained the verdict as being consistent, stating that the reasonableness of the “ detention ” went “ only * * * to mitigation of damages ”. In reversing and ordering a new trial the County Court held the jury’s general verdict inconsistent with the finding of reasonable detention. The Appellate Division also held the jury verdict inconsistent, and in light of the “ overwhelming evidence ” supporting the finding of reasonable detention, dismissed the complaint.
Where a general verdict is inconsistent with answers to interrogatories, the trial court, after the jury is discharged, has discretion to enter a judgment in accordance with the answers or order a new trial (CPLR 4111, subd. [c]). Thus, if there was an inconsistency, the trial court did not have the choice of *471 entering a judgment on the general verdict. The Appellate Division has the same power to exercise discretion as the trial court (CPLR 5501, subd. [c]; 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., U 5501.22; Cohen and Karger, Powers of the New York Court of Appeals, p. 583). Consequently, assuming that the jury verdict was inconsistent, and assuming that reasonableness of the detention was a complete defense, this court may not review the Appellate Division’s determination to enter judgment on the interrogatory based on what it termed “ overwhelming evidence ” rather than ordering a new trial (cf. Kennard v. Welded Tank & Constr. Co., 25 N Y 2d 324, 328).
Plaintiff contends that the term “ detention” in section 218 does not encompass an arrest, and that, therefore, it does not provide a defense for a “reasonable” arrest. Under this theory, reasonable detention of plaintiff for questioning would not provide a defense for an arrest not resulting in conviction. Plaintiff also contends that the arrest continued during the time defendant Varisco accompanied plaintiff and the policemen to the police station. Thus, plaintiff would explain the jury’s finding of reasonable detention as not foreclosing damages either for the arrest or for the continued detention after the police arrived.
Section 218 of the General Business Law, enacted in 1960, provides merchants a defense in various types of actions including actions for false arrest: “ Defense of lawful detention. In any action for false arrest, false imprisonment, unlawful detention, defamation of character, assault, trespass, or invasion of civil rights, brought by any person by reason of having been detained on or in the immediate vicinity of the premises of a retail mercantile establishment for the purpose of investigation or questioning as to the ownership of any merchandise, it shall be a defense to such action that the person was detained in a reasonable manner and for not more than a reasonable time to permit such investigation or questioning by a peace officer or by the owner of the retail mercantile establishment, his authorized employee or agent, and that such peace officer, owner, employee or agent had reasonable grounds to believe that the person so detained was committing or attempting to commit larceny on such premises of such merchandise. As used in this section ‘ reasonable grounds ’ shall include, but not be limited to, knowl *472 edge that a person has concealed possession of unpurchased merchandise of a retail mercantile establishment, and a 1 reasonable time ’ shall mean the time necessary to permit the person detained to make a statement or to refuse to make a statement, and the time necessary to examine employees and records of the mercantile establishment relative to the ownership of the merchandise.”
The section has been interpreted to make ‘ ‘ reasonable detention ’ ’ a defense in an action against a merchant for false arrest, thus wiping out plaintiff’s asserted distinction between “ arrest ” and “ detention ”. In People v. Horman (22 N Y 2d 378) this court stated that “ Section 218 of the General Business Law makes reasonableness of arrest available to retail stores and their employees as a defense to civil false arrest suits ” (id., at p. 380). In Roker v. Gertz Long Is. (34 A D 2d 680), the court held that where the plaintiff was arrested and taken to the police station as part of a continuing investigation, section 218 would provide a complete defense if the jury found the continued detention reasonable (accord, Tota v. Alexander’s, 63 Misc 2d 908, 910).
The legislative history indicates a purpose to protect merchants from false arrest suits even where the criminal actions are eventually dismissed (N. Y. Legis. Annual, 1960, pp. 146, 568). The Governor’s memorandum stated in part: “ The sponsors of this measure urge that it will reduce such costs by helping to overcome the extreme reluctance with which merchants now attempt to interfere with or apprehend shop-lifters. This reluctance is apparently caused by the vulnerability of merchants to suits for false arrest in the event of dismissal of the criminal case against a shop-lifter.”
The words “ arrest ” and “ detention ” have traditionally been used interchangeably. Professor Alexander in his treatise, The Law of Arrest, uses the following definition: ‘ ‘ An ‘ arrest ’ is the detaining of a person, the obtaining of the actual physical control and custody of him, and retaining it against his will and without his consent, under some real or assumed authority ” (vol. 1, at p. 353). He notes that the word “ ‘ arrest ’ is derived from the French word arreter, which means to stop, to detain, to hinder, to obstruct ” (id.). He defines “ imprisonment ” as “ an arrest, a detention, a confinement” (id., at *473 p. 355). He states: “ A command to stop, which is obeyed, is, of course, an arrest; but much depends on what follows, in order to constitute one entailing the responsibilities of criminal or civil false imprisonment,— as every mere command to stop may not be, nor intended to be, nor understood to be, a real ‘ arrest ’, in law or fact. Arrest includes the keeping under restraint of one so 1 detained ’ until brought before the magistrate. Examples The following are arrests:—detaining, to examine or investigate one not yet accused of crime nor a material witness” (id., at p. 358). For purposes of defining the tort of false arrest or false imprisonment any physical detention begins with an arrest (Snead v. Bonnoil, 166 N. Y. 325; Egleston v. Scheibel, 113 App. Div. 798; 22 N. Y. Jur., False Imprisonment, pp. 405-406; Note, Philadelphia Police Practice and the Law of Arrest, 100 U. Pa. L. Rev. 1182, 1185-1188). Carmody-Wait states: “False arrest is largely synonymous with false imprisonment. An action for false imprisonment lies against one who has unlawfully arrested or seized, and detained, another. The gist of the action is the unlawful detention ” (5 Carmody-Wait, 2d, N. Y. Civ. Prac., § 29:838, p. 343; for cases using the same expression, “ the gist of the action is the unlawful detention ”, see Schultz v. Greenwood Cemetery, 190 N. Y. 276, 278; Burns v. Erben, 40 N. Y. 463, 466; Fields v. Victory Chain Store, 59 Misc 2d 814, 816).
True, modern writers often define “ arrest ” for convenience as a formal arrest, but the term ‘ ‘ detention ’ ’ continues to have its broader meaning covering the range from informal stops to formal arrests (see W. IÍ. LaFave, Arrest: The Decision to Take a Suspect Into Custody, pp. 4r-5, 349). Language in cases allowing stopping or questioning on less than probable cause for arrest concerned with a limited detention does not have the effect of redefining the term for all purposes (see, e.g., People v. Peters, 18 N Y 2d 238, 244; United States v. Vita, 294 F. 2d 524, 530). Thus, “ reasonable detention ” within the language of the instant statute includes a full-fledged arrest as well as temporary detention, provided in each instance there is sufficient cause. In that event, the merchant has a complete defense to a civil action whatever the outcome of the criminal action. In short, the words “detention” and “arrest” are interchangeable, except when language appears to restrict deten *474 tion to a limited restraint (see People v. Peters, 18 N Y 2d 238, supra; United States v. Vita, 294 F. 2d 524, supra).
The general rule is that a private arrest is invalid unless the person arrested has in fact committed the crime for which the arrest was made (former Code Grim. Pro., § 183; CPL 140.30). In effect, section 218 carves out an exception for merchants detaining or arresting shoplifters.
Anti-shoplifting statutes in other States with provisions similar to section 218 have been interpreted to provide merchants with immunity from civil liability for false arrest where there were reasonable grounds for the arrest, but no criminal conviction resulted (e.g., Rothstein v. Jackson’s of Coral Gables, 133 So. 2d 331 [Fla. App.]; Cooke v. J. J. Newberry & Co., 96 N. J. Super. 9; Doyle v. Douglas, 390 P. 2d 871, 876 [Okla.] ; Delp v. Zapps’ Drug & Variety Stores, 238 Ore. 538; Ann., Shoplifter Suspect—Detention — Statute, 86 ALB 2d 435, Including Later Case Service, pp. 93-95).
In this case, as emphasized by the Appellate Division, there was overwhelming evidence supporting the finding of reasonable detention, from the initial arrest to the arrival of the police. Plaintiff admitted immediately upon being stopped or arrested in the parking lot that he had taken Sears’ goods and carried them out of the store in his pocket without paying for them. He repeated the admission in his own handwriting when he filled out the written questionnaire in the security office. At no time did he offer any exculpatory explanation. Then, two days later he confessed guilt before a Judge of the police court.
It makes no difference that, subjectively, plaintiff may not have had the requisite intent to commit a crime. Thus, it is assumed, as he describes it, that the letters were put in his pocket to facilitate carrying other bulky items, handicapped as he was by having only three fingers on one hand, and that leaving the store without paying for them was done inadvertently. He had much more than enough cash on his person to make the small purchase. The point is that even he thought he had committed a crime, and the objective facts established as much. Certainly where merchandise is taken from the store without payment, there are admissions, and no exculpatory explanation, the store detective is not required to probe further the nature of the intent before making a formal arrest.
*475 On this record, a verdict could very well have been directed in favor of defendants, plaintiff having throughout conceded wrongdoing, however unwittingly. The courts in other States have held it proper to direct a verdict for the defendant under similar statutes on less persuasive evidence (Meadows v. F. W. Wooboorth Co., 254 F. Supp. 907; Rothstein v. Jackson’s of Coral Gables, 133 So. 2d 331, supra; Cooke v. J. J. Newberry & Co., 96 N. J. Super. 9, supra).
Similarly, defendants may not be held liable for the period after the police took plaintiff into custody. The jury found that the detention by Sears was reasonable and for a reasonable period of time. Under the circumstances Sears was justified in handing plaintiff over to the police. Though not spelled out in section 218 of the General Business Law, the merchant’s defense for reasonable detention extends, as a mater of implementing the policy of the statute if not as a matter of logical necessity, to the turning over of the suspect to the police under reasonable circumstances and the execution of an information or complaint necessary for his initial arraignment. Of course, the limitation that detention to qualify under the statute must be “on or in the immediate vicinity of the premises ” does not apply to custody by the police. Moreover, the subsequent action and custody by the police was reasonable if not mandated.
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Judges Burke, Scileppi, Bergan, Jasen and Gibson concur; Chief Judge Fuld taking no part.
Order affirmed.