■ JOSEPH P. MCWILLIAMS, Appellant v GLENN C. RATLIFF et al., Respondents.—Judgment reversed, on the law and facts, and a new trial granted, with costs to abide the event. Memorandum: Plaintiff in this automobile negligence case appeals from a judgment in favor of defendant entered upon a jury verdict of no cause for action. The undisputed evidence from all the witnesses who testified regarding this accident reveals that there was a clear line of sight from the accident scene east along the highway approximately one quarter of a mile to a tavern known as Barney Google's. While there was a "slight" curve in the road, it in no way could have diminished the defendant's view of the highway ahead from the point where he passed Barney Google's heading west to the point where he struck plaintiff in the rear and ran him off the highway. Nor is there any evidence to suggest that the plaintiff in any way contributed to the happening of the accident. In view of this we conclude that the jury's verdict was against the weight of the credible evidence and could not have been reached by it on any fair interpretation of the evidence *(Mintz v Festa,* 29 AD2d 689, affd 23 NY2d 750). All concur except Moule, J., who dissents and votes to affirm the judgment in the following memorandum: The only issues raised by plaintiff on this appeal concern the failure of the trial court to charge the jury regarding the provisions of subdivision (a) of section 1129 of the Vehicle and Traffic Law, following too closely, and subdivision 3 of section 375 of the Vehicle and Traffic Law, which prescribes that a vehicle's headlights must reveal a substantial object in the road at 200 feet on low beam and 350 feet on high beam. However, appeal on each of those grounds was waived since timely objections to the court's rulings were not made (CPLR 4110, subd [b]; CPLR 4107, 5501, subd [a], par 3; *Brenan v Moore-McCormack Lines,* 3 AD2d 1006). Furthermore, there was no evidence in the record to warrant a conclusion that defendant was following plaintiff too closely and the exis-

tence of a curve in the road made the range of defendant's headlights inconclusive as to the distance at which he should have first observed plaintiff's motorcycle. The majority *sua sponte* raise the issue that the jury's verdict is contrary to the weight of the evidence. I do not think that this is a proper case for giving *sua sponte* consideration to an issue not properly placed before us. A jury verdict should not be disturbed unless it could not have been reached upon any fair interpretation of the evidence *(Lee v Lesniak,* 40 AD2d 756). Here there was evidence that there was a curve in the highway between Barney Google's tavern and the place where the accident occurred; that plaintiff and another motorcyclist were in the process of riding side by side but that from time to time one pulled forward and the other dropped back; that they were looking for a place to turn left and that plaintiff was from time to time applying his brakes. Add to this evidence that plaintiff and the other motorcyclist had just left a tavern and the conclusion is entirely plausible that the manner in which plaintiff was operating his motorcycle either caused the accident or contributed to it. Under such circumstances the verdict should not be disturbed *(Cameron v Permakoff,* 35 AD2d 952, affd 28 NY2d 938). (Appeal from Judgment of Ontario Supreme Court in automobile negligence action.) Present.—Marsh, P. J., Moule, Cardamone, Simons and Witmer, JJ.