**Joseph DESILVIS, Plaintiff,**

**v.**

**NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a Amtrak, Defendant.**

**No. 99 Civ. 0150 NRB.**

United States District Court, S.D. New York.

May 9, 2000.

Leonard Zack, Leonard Zack & Associates, New York City, for plaintiff.

Melanie K. Suhrada, Landman, Corsi, Ballaine & Ford, P.C., New York City, for defendant.

**OPINION AND ORDER**

BUCHWALD, District Judge.

Plaintiff Joseph DeSilvis ("plaintiff" or "DeSilvis")[1] brings this action pur-

suant to 42 U.S.C. § 1983 alleging that he was deprived of his civil rights under the Fourth Amendment to the United States Constitution by agents of defendant National Railroad Passenger Corporation ("defendant" or "Amtrak").[2] Plaintiff further brings this action pursuant to 28 U.S.C. § 1332, alleging that defendant committed the common law torts of false imprisonment,[3] negligent infliction of emotional distress, and negligent hiring and supervision. Defendant now moves this Court for summary judgment on the ground that the "evidence in this case unequivocally establishes that Amtrak was not involved in the alleged incident and is not a proper party to this suit." Memorandum of Defendant in Support of Motion for Summary Judgment ("Def.Mot.") p. 5. For the reasons stated herein, defendant's motion is granted.

## BACKGROUND

Plaintiff is a resident of Philadelphia, Pennsylvania. Second Amended Complaint ("2d Am.Comp.") ¶ 4. He alleges that on January 10, 1997, while waiting for a train at New York's Pennsylvania ("Penn") Station, he was attacked by four male youths. *Id.* ¶ 6. According to plaintiff, a group of uniformed police officers responded to the attack. *Id.* ¶ 7. However, plaintiff alleges that rather than assist him, the officers beat DeSilvis with a night stick, *id.* ¶ 10, locked him into a police car for two hours, *id.* ¶ 12, and then kept him in a holding cell at the Post Office across the street for eight hours. *Id.* ¶ 13. Plaintiff alleges that he was released the following morning after signing a "waiver." *Id.* ¶¶ 14–15. As a result, plaintiff avers that he suffered "lacerations to his face and body, and injuries to his arm, back, neck, and knees, and severe stress and mental trauma." *Id.* ¶ 16.[4]

Taking all of plaintiff's allegations at face value, the issue for the purposes of defendant's current motion is the identity of plaintiff's attackers. Plaintiff originally filed a complaint against the City of New York in 1997 alleging that he was attacked by four blue-uniformed police officers while waiting on the corner outside of Penn Station. Tr. at 4–5. Although the record is unclear, that initial proceeding apparently concluded unfavorably for the

1. In plaintiff's submissions to this Court, plaintiff's name is also variably spelled "De-Silva" and "DeSilvas." For the sake of convenience, we will use the spelling found in the case's caption, "DeSilvis."

2. Amtrak enjoys a unique status in the American legal framework. In addition to being a "federal "instrumentality" for the purpose of individual rights guaranteed against the [federal g]overnment by the [United States] Constitution," *Lebron v. National Railroad Passenger Corporation,* 513 U.S. 374, 394, 115 S.Ct. 961, 130 L.Ed.2d 902 (1995), Amtrak is also a state actor for purposes of liability under section 1983 in utilizing its police power pursuant to 45 U.S.C. § 545(j). *Jacobson v. National Railroad Passenger Corp.,* No. 97 C 6012, 1999 WL 1101299, at *5 (N.D.Ill. Nov.29, 1999); *Streetwatch v. National Railroad Passenger Corp.,* 875 F.Supp. 1055, 1063 (S.D.N.Y.1995); *Sisak v. National Railroad Passenger Corp.,* No. 91 Civ. 1030, 1994 WL 144385, at *4 (S.D.N.Y. Apr.18, 1994); *Merola v. National Railroad Passenger Corp.,* 683 F.Supp. 935, 940–41 (S.D.N.Y.1988). In addition, since Amtrak is a "corporation" and not "an agency or establishment of the United States Government," 45 U.S.C. § 541, it is also "deprive[d] of sovereign immunity from suit." *Lebron,* 513 U.S. at 392, 115 S.Ct. 961.

3. An alleged violation of section 1983, resting on the Fourth Amendment right of an individual to be free from arrest without probable cause, is essentially the same as the tort of false imprisonment under New York state law. *Covington v. City of New York,* 171 F.3d 117, 121 (2d Cir.1999); *Posr v. Doherty,* 944 F.2d 91, 96 (2d Cir.1991); *Jacques v. Sears Roebuck & Co.,* 30 N.Y.2d 466, 473, 334 N.Y.S.2d 632, 638, 285 N.E.2d 871 (1972).

4. Specifically, plaintiff alleges that the incident caused him to become a paranoid schizophrenic and an alcoholic and caused him to subsequently attack a police officer in Philadelphia, which led to his incarceration for three months in a psychiatric facility. See Transcript of Proceedings before Comptroller's Office, dated Oct. 17, 1997, appended to Plaintiff's Response in Opposition as Ex. B ("Tr.") at 11–15.

plaintiff. DeSilvis then filed the initial complaint in this case (dated December 21, 1998) on January 8, 1999. In it, he alleged that the officers who beat and held him were "Amtrak Officers." Comp. ¶ 7–11. However, on March 17, 1999, plaintiff's counsel, Leonard Zack ("Zack"), wrote a letter to the Judge Richard Berman, who was then assigned to the case.[5] In it, Zack stated that his client had been "disoriented" at time of the alleged attack and, consequently, he (Zack) had uncovered new information upon "further investigation." Letter of Leonard Zack, dated Mar. 17, 1999 and memo endorsed by Judge Berman on Mar. 19, 1999. Zack informed the Court that plaintiff had been "waiting for a train at the U.S. Post Office Station in Pennsylvania Station" and that it was "officers of the United States Postal Office, and not Amtrak, who were responsible for plaintiff's injuries." *Id.*

As a result, Zack signed a stipulation dismissing the case against Amtrak (Ex. B to Defendant's Notice of Motion) and submitted an amended complaint naming the United States Post Office ("Post Office") as defendant in the place of Amtrak. The amended complaint differed from the original in only one respect. Wherever the words "Amtrak Officers" had appeared, plaintiff replaced them with the words "Postal Officers." 1st Am.Comp. ¶¶ 7–11. However, plaintiff did not file the required administrative complaint in time to meet the strict statutory requirements of the Federal Tort Claims Act, which governs claims against the Post Office. Letter of Assistant United States Attorney Nicole L. Gueron, dated June 16, 1999. The Post Office, accordingly, requested permission to bring a motion to dismiss the case. *Id.*

Plaintiff responded by changing his position again, and filed a stipulation and order that dismissed the case against the Post Office and restored the case against Amtrak. Stipulation and Order, dated August 24, 1999. Subsequently, plaintiff filed his second amended complaint in the case, restoring the allegations against the "Amtrak Officers." 2d Am.Comp. ¶¶ 7–11. However, plaintiff still maintains that the Amtrak Officers detained him at the U.S. Post Office located at 421 Eighth Avenue in Manhattan. *Id.* ¶ 12. At a December 17, 1999 conference, this Court ordered that defendant's counsel search all Amtrak police records and prepare an affidavit describing the search and the contents of any records that relate to the incident with plaintiff. This Court further ordered that defendant subpoena all postal records that relate to the incident.

Defendant responded on January 20, 2000, supplying the Court with a January 12, 2000 affidavit, prepared by Investigator Hugh Krasin ("Krasin") of the Amtrak Police Department. Def. Notice Ex. G. In it, Krasin affirmed that he had conducted both manual and computer searches of Amtrak's records and could find none "involving [or] identifying plaintiff." *Id.* Amtrak supplemented its response once the Post Office complied with the subpoena for its records relating to the incident. Precisely, Amtrak supplied a January 10, 1997 "Incident Report," and a redacted copy of the Post Office's contemporaneous "Prisoner Log." Def. Notice Ex. H. These records clearly demonstrate that Postal Police Officers were involved in an altercation with DeSilvis, that they admit to placing him into their vehicle, and that they detained him at their Postal Police Headquarters. *Id.* Defendant brought its summary judgment motion on March 20, 2000.[6]

To counter defendant's evidence, plaintiff has submitted a "Response in Opposition," with an April 11, 2000 Affidavit appended to it. In it, DeSilvis states that

---

**5.** The case was reassigned to me on November 15, 1999.

**6.** In addition to the above-described records, defendant submitted copies of plaintiff's extensive medical records, which establish that

plaintiff was experiencing hallucinations in January of 1997, at the time of the incident that forms the basis of his claim. Def. Notice Ex. I.

"[t]o the best of my knowledge, two of the officers who assaulted me were from the Postal Police and the other two were from Amtrak." DeSilvis Aff. ¶ 3. He further states that he "know[s] nothing about the alleged incident as reported by the defendant." *Id.* ¶ 5. Instead, he now takes the position that detained in an "Amtrak vehicle" and, presumably, in an Amtrak "cell." *Id.* ¶ 7.[7]

## DISCUSSION

The principles governing the grant or denial of summary judgment are well established. "[S]ummary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *D'Amico v. City of New York,* 132 F.3d 145, 149 (2d Cir.), *cert. denied,* 524 U.S. 911, 118 S.Ct. 2075, 141 L.Ed.2d 151 (1998). In addressing a motion for summary judgment, "[t]he court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his favor." *L.B. Foster Co. v. America Piles, Inc.,* 138 F.3d 81, 87 (2d Cir.1998) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). The party seeking summary judgment bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once such a showing is made, the party opposing the motion must come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). In so doing, the "non-moving party may not rely on conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir.1998).

Moreover, while the party resisting summary judgment must show a dispute of fact, it must also be a material fact in light of the substantive law. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ A party opposing summary judgment cannot create a triable issue of fact by submitting an affidavit that denies his previously sworn statements or otherwise contradicts his previous testimony. *Cleveland v. Policy Management Sys. Corp.,* 526 U.S. 795, 806, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999); *Bickerstaff v. Vassar College,* 196 F.3d 435, 454–55 (2d Cir.1999); *Heil v. Santoro,* 147 F.3d 103, 110 (2d Cir.1998). This is also true of affidavits that contradict the facts within the affiant's pleadings that are within his own realm of personal knowledge. *See, e.g., Ace Auto Body & Towing, Ltd. v. City of New York,* No. 96 Civ. 6547, 1997 WL 669891, at *1 n. 1 (S.D.N.Y. Oct.28, 1997). When faced with a such a discrepancy, the party opposing summary judgment has the burden of explaining "any apparent inconsistency." *Cleveland,* 526 U.S. at 807, 119 S.Ct. 1597; *Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 333 (2d Cir.2000).

"The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient" to defeat a properly supported motion for summary judgment. *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505. Instead, the non-movant must offer "concrete evidence from which a reasonable jury could return a verdict in his favor." *Id.* at 256, 106 S.Ct. 2505. Summary judgment should only be granted if no rational fact-finder could find in favor of the non-moving party. *Heilweil v. Mount Sinai Hosp.,* 32 F.3d 718, 721 (2d Cir.

---

**7.** Plaintiff also disputes the time of day and the specific location that the altercation and subsequent detention occurred. However, these facts are not necessary to resolve in the context of defendant's summary judgment motion on the issue of the identity of the police officers alleged to have attacked plaintiff.

1994). In this context, the explanation of the contradiction between past and present statements must be "sufficient to warrant a reasonable juror's" finding in favor of the non-moving party. *Cleveland*, 526 U.S. at 807, 119 S.Ct. 1597; *Parker*, 204 F.3d at 333.

In this case, the plaintiff's current position that he was assaulted by Amtrak police contradicts his earlier position that the responsible party was the Postal Police. When plaintiff's counsel informed the Court that it was "officers of the United States Postal Office, and not Amtrak, who were responsible for plaintiff's injuries," in order to secure leave to amend the original complaint, plaintiff took a binding position before the Court. More importantly, when Zack, plaintiff's counsel, signed and served the subsequent amended complaint, he certified that the allegation against the Postal Police, and not the Amtrak Police, had or was likely to have evidentiary support. *See* Fed.R.Civ.P. 11(b). His client reverted to the earlier position only after it became clear that he would not be able to proceed against the Post Office.

■ This kind of a factual issue, "created solely by an affidavit crafted to oppose summary judgment" cannot create a 'genuine' " issue for trial." *See Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 619 (2d Cir.1996). *Cf. Mack v. United States*, 814 F.2d 120, 124 (2d Cir.1987) ("It is well settled in this circuit that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment."); *McAllister v. N.Y.P.D.*, 49 F.Supp.2d 688, 697 (S.D.N.Y.1999) (disregarding affidavit testimony of a plaintiff that contradicted earlier deposition testimony as to the identity of his attacker). This is not a situation, as in *Thomas v. Roach*, 165 F.3d 137, 144 (2d Cir.1999), where the earlier state-

ments were vague and inconclusive. To the contrary, plaintiff's position that it was the Postal Police who attacked him was unequivocal.

Moreover, plaintiff can offer no reasonable explanation for the discrepancy. Although plaintiff argues with some force that he had previously taken the position that it was officers of both Amtrak and the Post Office who attacked him, *see* DeSilvis Aff. ¶ 3, this explanation cannot overcome plaintiff's deliberate decision to subsequently shift the blame exclusively to the Postal Police. "[W]hen the facts alleged are so contradictory that doubt is cast upon their plausibility, [a court] is authorized to 'pierce the veil of the complaint's factual allegations,' dispose of [s]ome improbable allegations,' and dismiss the claim." *Aziz Zarif Shabazz v. Pico*, 994 F.Supp. 460, 470–71 (S.D.N.Y.1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992)).

Further, no reasonable jury could find that the Amtrack Police were responsible for plaintiff's arrest. *See Cleveland*, 526 U.S. at 807, 119 S.Ct. 1597; *Heilweil*, 32 F.3d at 721. Given the concrete evidence proffered by the defendant, which makes it clear that it was Postal Police Officers, and not Amtrak Officers, who arrested DeSilvis, his vague allegations to the contrary are unavailing.[8] *See Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir.1993) (finding allegations by plaintiff insufficient to defeat defendant's summary judgment motion in a § 1983 case where the "allegations are unsupported by any specifics, and many of them are flatly contradicted by the evidence proffered by defendants"). Beside his own self-contradictory accusation, plaintiff has presented no evidence to contest defendant's position. *See Scotto*, 143 F.3d at 114 (affirming portion of summary judgment where plaintiff "has not presented any evidence to support" an inference

---

**8.** Indeed, for a jury to accept plaintiff's latest proffered version of events, jurors must necessarily accept that, at the time of the incident, the Postal Officers deliberately falsified records to protect Amtrak against a possible future lawsuit and also that the officers placed their own names into the report because they accurately predicted that plaintiff would miss his statute of limitations deadline against the Post Office.

in his favor). Moreover, plaintiff's allegation that he was taken to a Postal facility, which is repeated in paragraph 12 of each of his three complaints, supports defendant's version of events. As a result, no reasonable jury could find Amtrak to be the responsible party.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted. The Clerk of the Court is directed to enter judgment in favor of the defendant and close the above-captioned case.

**IT IS SO ORDERED.**