New Hope Missionary Baptist Church, Inc. v 466 Lafayette Ltd. (2019 NY Slip Op 01083)





New Hope Missionary Baptist Church, Inc. v 466 Lafayette Ltd.


2019 NY Slip Op 01083


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-09310
 (Index No. 34774/08)

[*1]New Hope Missionary Baptist Church, Inc., etc., respondent, et al., plaintiff, 
v
466 Lafayette Ltd., et al., defendants; Famek Management Corp., nonparty-appellant (and a third-party action).


Angelyn Johnson & Associates, LLC (Alter & Barbaro, Brooklyn, NY [Bernard M. Alter and Steven Barbaro], of counsel), for nonparty-appellant.
Thomas Torto, New York, NY (Jason Levine of counsel), for respondent.



DECISION & ORDER
In a consolidated action, inter alia, to quiet title to real property, nonparty Famek Management Corp. appeals from an order of the Supreme Court, Kings County (Bernadette Bayne, J.), dated April 20, 2016. The order denied the motion of nonparty Famek Management Corp. for leave to intervene, and thereupon, to vacate a judgment of the same court dated February 10, 2014.
ORDERED that the order is modified, on the facts, by adding to the provision thereof denying nonparty Famek Management Corp.'s motion the words "with leave to renew upon proper papers"; as so modified, the order is affirmed, without costs or disbursements.
In 2007, the plaintiff New Hope Missionary Baptist Church, Inc. (hereinafter New Hope) commenced an action, inter alia, to quiet title pursuant to RPAPL article 15, with respect to several properties in Brooklyn. New Hope alleged that it owned the properties and that they had been conveyed by a fraudulent deed dated November 17, 2003, to the defendant 466 Lafayette Ltd. (hereinafter Lafayette). One of these properties, 319 Nostrand Avenue (hereinafter 319 Nostrand), had subsequently been conveyed by several deeds, in succession, concluding with a deed dated April 4, 2008, i.e., approximately one year after the action was commenced, purporting to convey 319 Nostrand to nonparty Famek Management Corp. It is undisputed that New Hope did not file a notice
of pendency in connection with the action. The plaintiff Glorious Temple Church of God in Christ, which was a tenant at one of the other properties, commenced a separate action in 2008 to quiet title to that property. In an order dated June 19, 2009, the two actions were consolidated.
In a judgment dated February 10, 2014, the Supreme Court awarded New Hope judgment insofar as asserted against the defaulting defendants, including Lafayette and the subsequent purported owners of 319 Nostrand prior to Famek, declaring void the deed purporting to convey 319 Nostrand from New Hope to Lafayette, and all deeds flowing therefrom, including the deed conveying 319 Nostrand to Famek, and declared New Hope the sole title owner of 319 Nostrand, entitled to "immediate and exclusive possession of each and every part of the Premises." In October 2014, New Hope, as a religious corporation, commenced a separate proceeding pursuant to Religious Corporations Law § 12(1) for leave of the court to sell the property to a certain [*2]prospective buyer.
In April 2015, Famek moved by emergency order to show cause for leave to intervene, and thereupon, to vacate, on various grounds, the judgment dated February 10, 2014, and to stay any sale, transfer, conveyance, or encumbrance of the property pending further order of the court. The Supreme Court denied the motion, and Famek appeals.
A motion seeking leave to intervene, whether made under CPLR 1012 or 1013, must include the proposed intervenor's proposed complaint or answer (CPLR 1014). It is undisputed that Famek failed to include a proposed answer with its motion for leave to intervene, thereby failing to comply with CPLR 1014. "The court has no power to grant leave to intervene where, as here, the prospective intervenor[ ] did not include in [its] motion papers a proposed pleading setting forth the claim or defense for which intervention is sought'" (Matter of Carriage Hill v Lane, 20 AD2d 914, 914, quoting CPLR 1014; see Beneficial Homeowner Serv. Corp. v Chambers, 145 AD3d 750, 752; Farfan v Rivera, 33 AD3d 755; Matter of Zehnder v State of New York, 266 AD2d 224, 224-225). Nevertheless, we find that, by "presenting a deed to the property and submitting evidence that it had paid [$650,000] for the property, and had made significant renovations to it," Famek "made a threshold showing" (112-40 F.L.B. Corp. v. Tycoon Collections, Inc., 73 AD3d 719, 721) that it likely would have been entitled to relief pursuant to CPLR 1012(a) and 1013 (see Perl v Aspromonte Realty Corp., 143 AD2d 824, 825; American Home Mtge. Servicing, Inc. v Sharrocks, 92 AD3d 620, 621; ABM Resources Corp. v Doraben, Inc., 89 AD3d 773, 774; Wells Fargo Bank, N.A. v McLean, 70 AD3d 676, 678). Accordingly, although we are "without the power to grant such relief inasmuch as [Famek] has failed to comply with CPLR 1014," we modify the order appealed from to permit Famek to renew its motion upon proper papers (Mohawk Maintenance Co. v Drake, 29 AD2d 689, 689; see Matter of Carriage Hill v Lane, 20 AD2d 914; see also Sylvester v Stephens, 148 AD2d 523).
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court