■ SAMUEL J. FARINA, Appellant, v. SARATOGA HARNESS RACING ASSO-CIATION, INC., Respondent.—Plaintiff appeals from an order of the Supreme Court at Trial Term setting aside verdicts in his favor for compensatory and punitive damages in actions against defendant, a harness racing association, for assault (unlawful search of his person) and for false arrest and false imprisonment. The grounds for the court's action were that it had committed prejudicial errors in charging the jury. We regard as a correct exposition of the law that part of the charge, in retrospect deemed error, which stated in substance that even though the arrest, when made, was legal and justified, the security officers of defendant became trespassers *ab initio* and so continued to the time of plaintiff's release because of their failure to take him before a Magistrate as required. (Code Crim. Pro., § 165; *Seguin* v. *Myers,* 279 App. Div. 690; *Hendrix* v. *Manhattan Beach Development Co.,* 181 App. Div. 111, 117; *Tobin* v. *Bell,* 73 App. Div. 41, 46; *Pastor* v. *Regan,* 9 Misc. 547, affd. 90 Hun 607.) The charge, however, was deficient in that it failed to instruct the jury that if it found that plaintiff had voluntarily accompanied defendant's employees to the security office of the association to clear himself of any implication of criminality arising from the tender of an alleged counterfeit $10 bill in payment of two tickets of admission and had freely and willingly remained there while attempts were made to contact a Federal law-enforcement officer, as defendant contended, no liability for false arrest or false imprisonment could be imposed. (*Blumenfeld* v. *Harris,* 3 A D 2d 219, affd. 3 N Y 2d 905, cert. den. 356 U. S. 930.) While the exception taken at the trial was not sufficient to point out this error, the interest of justice requires a new trial where the jury had not been instructed as to one of the material issues in the case (*Peerless Cas. Co.* v. *Bordi,* 6 A D 2d 21). As respects the second reason assigned by the court for its action we agree that the rule charging an employer with vicarious liability in punitive damages for the malicious acts of employees was not adequately treated in the charge. (*Gill* v. *Montgomery Ward & Co.,* 284 App. Div. 36, 40; 4 Restatement, Torts, § 909.) Since the Trial Judge who sensed the atmosphere of the trial felt, upon reflection, that prejudice to defendant had resulted from the inadvertence we are inclined in the interest of justice, although no exception was taken, to adopt his view. Order affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.