OPINION OF THE COURT

Per Curiam.

Order entered on April 11, 1978 (B. Cohen, J.) affirmed, with $10 costs.
Plaintiff sued for damages for false imprisonment on December 24, 1974, when he was shopping in defendant’s men’s furnishings department. There was conflicting testimony as to plaintiff’s location at the time he was stopped by a Mr. McDonald, a security employee of defendant. Plaintiff testified that he had an unpurchased hat in his hand when he stepped into the adjoining department to find his companions to show them the hat. McDonald’s testimony was that plaintiff was at least 25 feet into the next department headed for an exit door with the hat on his head. At the time plaintiff was stopped, the price tag affixed to the band was no longer on the hat.
At McDonald’s request, plaintiff accompanied him to the security offices, where McDonald searched the plaintiff, verified the price of the hat with the men’s department, and presented filled out forms for plaintiff to sign. Plaintiff was then photographed and fingerprinted, and released. Defendant filed no criminal charges.
Defendant claims to have detained plaintiff pursuant to section 218 of the General Business Law, which gives store owners a limited privilege to detain persons reasonably suspected of shoplifting. The law limits the manner and length of detention to reasonable standards.
Section 218 provides that in any action for false arrest, etc. brought by any person detained on the retail premises, "it shall be a defense to such action that the person was detained in a reasonable manner and for not more than a reasonable time to permit such investigation or questioning by a peace officer or by the owner of the retail mercantile establishment, his authorized employee or agent, and that such peace officer, owner, employee or agent had reasonable grounds to believe that the person so detained was committing or attempting to commit larceny on such premises of such merchandise. As used in this section, 'reasonable grounds’ shall include, but not be limited to, knowledge that a person has concealed *51 possession of unpurchased merchandise of a retail mercantile establishment, and a 'reasonable time’ shall mean the time necessary to permit the person detained to make a statement or to refuse to make a statement, and the time necessary to examine employees and records of the mercantile establishment relative to the ownership of the merchandise.”
The Trial Judge instructed the jury, among other things, that: "In determining whether the manner of detention was reasonable, you may consider the activities of the defendant which were beyond those described in the statute, such as the searching of plaintiff and the photographing and fingerprinting”.
After the jury came back with a verdict in favor of the defendant department store, plaintiff moved to set aside the verdict. CPLR 4404 provides that after a trial by jury, the court may on its own initiative set aside a verdict and direct that judgment be entered in favor of a party entitled to it as a matter of law.
The trial court apparently had second thoughts about its submission of the case to the jury. It granted plaintiff’s motion to set aside the verdict in favor of defendant Bloomingdale’s and further, pursuant to CPLR 4404 granted judgment to plaintiff as a matter of law, directing a new trial on the issue of damages alone.
The lower court found that defendant Bloomingdale’s had exceeded conduct permitted under the statute by detaining plaintiff beyond preliminary questioning and checking, and having a statement signed and obtaining unauthorized fingerprints and photographs, which were not returned to plaintiff as required by former section 79-a of the Civil Rights Law.
Defendant contends in its appeal that the issue of whether or not defendant’s acts were reasonable, in their totality, was properly submitted to the jury and, therefore, that the verdict based upon a fair interpretation of the evidence should not be set aside.
The court, having properly determined that the provisions of section 218 of the General Business Law could not authorize fingerprinting and photography, should not have submitted this conduct to the jury as a question of fact. The Trial Judge redeemed herself from her erroneous charge by invoking CPLR 4404 after the verdict.
Concededly, the problem of pilferage in retail establish *52 ments has reached epidemic proportions, involving many millions of dollars in losses. Quite commendably, the Legislature has sought to give legal protection to private security personnel of retail establishments where they reasonably detain suspected persons. However, the statute is quite explicit. While it authorizes a "reasonable” detention for a period of limited duration, it does not authorize fingerprinting and photographing the person so held.
Each year sees more pervasive encroachment on the liberties of our citizenry (see, Westin, Allen, Privacy and Freedom, 1967). Even though the Supreme Court of the United States has in recent years been more receptive to circumscribe certain individual liberties as against police authority, it has continued to be vigilant to guard against further invasion of personal privacy by others (Griswold v Connecticut, 381 US 479; Moore v City of East Cleveland, 431 US 494; Carey v Population Servs., 431 US 678; Roe v Wade, 410 US 113, 115; Matter of Kesselbrenner v Anonymous, 33 NY2d 161; Atkin v Onondaga County Bd. of Elections, 30 NY2d 401; Schulman v New York City Health and Hosps. Corp., 38 NY2d 234; Alevy v Downstate Med. Center, 39 NY2d 326; Montgomery v Daniels, 38 NY2d 41, 59-60; Matter of Rosenstock v Scaringe, 40 NY2d 563, 564).
High in the hierarchy of such concern for individual liberty must be security from such mental and physical intrusion as is presented by unauthorized fingerprinting and photographing resorted to in the case before the court.