OPINION OF THE COURT
Eugene J. Berkowitz, J.
This motion, after trial, is made to set aside a jury verdict rendered in favor of defendant Abraham & Straus, pursuant to CPLR 4404 (subd [a]) ,.on November 14,1980 based on the contention that the verdict is against the weight of the credible evidence.
The undisputed facts indicate that the plaintiff was using an employee’s discount card, issued by the defendant, to make purchases at the defendant’s premises in Manhasset. For some of the purchases the employee,, whose card was being used, was present and participating in the transactions. Upon leaving the plaintiff, the employee suggested that the plaintiff continue to use the card to complete his purchases. Security personnel inquired of the plaintiff, whether or not he was the person named on the card. The plaintiff answered in the negative, whereupon security personnel assumed custody of the plaintiff, over plaintiff’s objection. The employee on seeing a disturbance returned to the scene and advised security that it was his employee’s *590 discount card, and that the plaintiff was making use of the card with the employee’s permission. The testimony indicates a difference of opinion as to the amount of force used to exercise control over the plaintiff; and after a questionable period of time, the plaintiff was released. The undisputed testimony indicates that the plaintiff was required to sign documents containing admissions and have his picture taken by security personnel, before security would allow the plaintiff to leave.
This court has no conflict with the right of store personnel to make reasonable inquiry pursuant to section 218 of the General Business Law. The defendant may properly investigate the use of an employee’s discount card when one other than the party named is making use of the card. The merchant may temporarily detain such a person, provided that they do so reasonably and in order to conduct a summary investigation. Had Abraham & Straus released the plaintiff at this point in time, the detention may have been considered lawful and proper.
When Abraham & Straus takes upon itself powers that exceed its authority, wherein they require the plaintiff to sign what amounted to a confession and take his picture as a condition of releasing the plaintiff from custody, then such actions become unreasonable, as a matter of law. This wrongful behavior was compounded when they would not permit the plaintiff to call his attorney during the period of detention and extended questioning.
Defendant claims that section 218 of the General Business Law is an adequate defense against the claim of false imprisonment.
Section 218 of the General Business Law was enacted in 1960 in order to help the retail merchant and indirectly the public. This statute has been used almost exclusively as a defense to false arrest cases arising from detentions for shoplifting. The question, of whether the defense provided by section 218 can be asserted where the detention arose from the improper use of an employee’s discount card seems to be one of first impression for the courts of this State.
*591 Under appropriate circumstances the use of an employee’s discount card, by someone other than the named party, is of sufficient import that a merchant may make inquiry and conduct a reasonable investigation, under the provision of section 218 of the General Business Law.
Where store security has been alerted that someone is using an employee discount card and security has the knowledge that the party is not the employee to whom the card was issued, there are reasonable grounds to detain such a person and make appropriate inquiry.
Section 218 provides that where a detention has been made upon reasonable grounds, that detention must be in a “reasonable manner and for not more than a reasonable time to permit such investigation or questioning”. The statute further provides that “ ‘reasonable time’ ” shall mean the time necessary to permit the person detained to make a statement or to refuse to make a statement, and the time necessary to examine employees and records of the mercantile establishment.
Defendant had the right to detain plaintiff in order to investigate the improper use of the discount card. Defendant further had the right to ask plaintiff to identify himself, ask plaintiff and employee Katz to explain the improper use of the card and whether or not plaintiff wished to make a statement. After plaintiff identified himself, the use of the card was explained and plaintiff refused to sign the statements, the protection of section 218 ended. The credible evidence indicated that plaintiff was released only after he was required to sign an incriminating statement. A retail merchant does not have the right to condition the release of a detainee upon the execution of an incriminating statement. Neither does the merchant have the right to photograph a detainee. (Johnson v Bloomingdale’s, 101 Misc 2d 49.)
The defense of section 218 was designed to protect the merchant so long as it is not used to abuse the public.
In sum, this court finds that a retail merchant has a right pursuant to section 218 of the General Business Law to detain for investigation a person who is improperly using *592 an employee discount card. However, this detention must be in a reasonable manner and not impose unconscionable conditions. Defendant forfeited its defense to the false imprisonment action as a result of its unreasonable conduct in the detention of plaintiff. Accordingly, verdict for defendant is vacated. Judgment is directed for plaintiff and a new trial ordered to determine damages only.