The defendant has appealed from a judgment rendered following his conviction by a jury of the crime of larceny in the fourth degree in violation of General Statutes 53a-125.[1] The jury could reasonably *Page 393 
have found the following facts: On November 13, 1979, Susan Milne was employed as a security guard at the Sears, Roebuck Co. store in Middletown. While pursuing her duties, she observed the defendant browsing at a Christmas display of colognes and perfumes. The defendant was wearing a hooded, yellow raincoat with large exterior pockets. Standing some six feet behind the defendant, Milne thought she saw him put a box of Charlie perfume into his pocket. As she continued to observe the defendant, she saw him take another box from the shelf and head for the credit desk, bypassing several cash registers en route. As the defendant proceeded through the boys' department, the box of perfume disappeared from Milne's view. She failed to see any perfume bottles or boxes along the route travelled by the defendant to the credit desk.
The defendant stopped at the credit desk to ask about a chain saw which he had brought in for repairs. No perfume boxes or bottles were in his hands at the credit desk nor did the defendant attempt to pay for anything there. The defendant was at the desk for about ten minutes, during which time Milne engaged him in conversation, identified herself as a store security guard and questioned him about the perfume. The defendant replied that he had returned it to the shelf. Milne then told the defendant that she had not seen him do so and asked him if he had the perfume in his pocket. After admitting that he did, the defendant attempted to walk away, but Milne asked him to remain and await the arrival of the store manager. She and the manager then escorted the defendant to the security office. While there, Milne asked the defendant for the perfume and he handed over a box of Charlie perfume from his raincoat pocket. There was a sales price sticker on the box in the amount of approximately six dollars.
The police were summoned. While conversing with one of the police officers in the doorway of the security *Page 394 
office, Milne saw the defendant attempting to hide another box of Charlie perfume under the security office desk. She took this box from the defendant. The two boxes of perfume were returned to the store shelf and were not produced as evidence during the trial. While police seize as evidence items valued at over fifty dollars, those of lesser amounts are retained by the store and returned to the shelf.
The defendant first claims that the trial court erred by allowing into evidence admissions which he made in response to the store security guard's inquiries prior to his formal arrest by a police officer. The guard's authority to question and detain the defendant arises from General Statutes53a-119a.[2] The defendant argues that this section grants merchants an interrogation power limited to asking the name and address of a suspected shoplifter. He contends that any other information elicited from a detained person exceeds the scope of the statute and that such improperly obtained statements must be excluded from evidence in a subsequent criminal prosecution of the detainee. We disagree.
"Courts cannot, by construction, read into statutes provisions which are not clearly stated. Robinson v. *Page 395 
Guman, 163 Conn. 439, 444, 311 A.2d 57 [19721; United Aircraft Corporation v. Fusari, 163 Conn. 401,415, 311 A.2d 65 [1972]." Houston v. Warden,169 Conn. 247, 251, 363 A.2d 121 (1975). Section53a-119a lacks any language of exclusion similar, for example, to that set forth in General Statutes52-184a which provides that "[n]o evidence obtained illegally by the use of any electronic device is admissible in any court of this state."
A review of the background of 53a-119a also fails to uncover any legislative intent to incorporate an exclusionary rule in the statute. Prior to the enactment of this provision, a merchant could detain a person with reasonable physical force to effect the arrest of such person he reasonably believed was stealing his goods without incurring any civil liability for the detention, provided the person in fact did commit the offense. General Statutes 53a-22 (f); Malley v. Lane, 97 Conn. 133, 137, 115 A. 674 (1921). Section 53a-119a (b) eliminates the requirement of proof of commission of the crime or conviction as the basis of a merchant's freedom from civil liability by granting merchants a qualified privilege to detain and question suspected shoplifters and by creating a rebuttable presumption of guilt in a civil action by the detainee, if reasonable grounds to believe that the detained person was committing or attempting to commit a larceny are shown. *Page 396 
The New York shopkeeper's privilege statute, after which the original draft of 53a-119a was modeled, also extends to merchants a limited privilege to detain persons reasonably suspected of shoplifting.[3] The Connecticut statute as enacted has an additional limitation that no other information shall be required of a detained person than his name and address. The purpose of the New York law is also to provide merchants with a defense in civil actions. Jacques v. Sears, Roebuck Co., 30 N.Y.2d 466, 472, 334 N.Y.S.2d 632
(1972). "The defense of [New York General Business Law] Section 218 was designed to protect the merchant so long as it is not used to abuse the public." Spitzer v. Abraham Strauss,106 Misc.2d 589, 591, 434 N.Y.S.2d 114 (1980). When a merchant fails to comply with its provisions, he forfeits his defense under the statute in a civil action. Id.
We find this reasoning applicable to the present case. Thus a transgression of 53a-119a results in a merchant's inability to assert the statutory privilege in a civil proceeding but does not require the exclusion of evidence in a related criminal prosecution.
Even if we assume that the conversations between the defendant and the security guard were improperly admitted, there was adequate evidence of the defendant's guilt as established by the security guard's testimony regarding the defendant's behavior throughout the episode, including his attempt to conceal the second perfume bottle under the desk in the security office, which did not entail any conversations within the purview of53a-119a. In view of the remaining evidence, *Page 397 
we find that the defendant has not established that the claimed error, if any, was harmful. State v. Carr, 172 Conn. 458, 470, 374 A.2d 1107 (1977).
The defendant next claims that the state's failure to present the allegedly stolen bottles of perfume as evidence at trial and the admission of secondary evidence concerning their identity, description and value, violated his statutory and constitutional rights. Conceding that he did not properly raise his statutory claim at trial,[4]
the defendant, nevertheless, urges this court to review his claim on the basis that the alleged violation deprived him of a fundamental constitutional right and a fair trial. State v. Evans, 165 Conn. 61, 70, 327 A.2d 576 (1973). This being the case, we will review the matter "`not to ascertain whether the [admission of the secondary evidence] was undesirable, erroneous, or even universally condemned but rather whether when reviewed in the context of the entire trial it violated some right guaranteed to the defendant by the fourteenth amendment to the constitution of the United States; Cupp v. Naughten, 414 U.S. 141, 146, 94 S.Ct. 396,38 L.Ed.2d 368 (1973); or article first, 8 of the constitution of Connecticut.' *Page 398 
State v. Kurvin, [186 Conn. 555, 564-65, 442 A.2d 1327 (1982)]." State v. Maltese, 189 Conn. 337, 342,455 A.2d 1343 (1983).
At the time of the defendant's trial, General Statutes (Rev. to 1979) 54-36a (b) provided that stolen property not exceeding fifty dollars in value which was seized in connection with a criminal arrest did not have to be preserved as evidence but could be returned to the owner. The statute further provided that "[w]hen any such return . . . has deprived any defendant in a criminal case of the opportunity to examine, test, or appraise such property to such defendant's prejudice, any secondary evidence of the identity, description or value of such property shall not be admissible in evidence against such defendant in the trial of such case." General Statutes (Rev. to 1979) 54-36a (b).[5]
The defendant failed to establish that he was prejudiced by the return of the perfume. At trial, the defendant testified that he took two bottles of perfume, but claimed that he grew tired of holding them while waiting in line at the credit desk and therefore placed the items in his pockets. At issue then was the defendant's intent, not the identity or value of the items. This being the case, the defendant has not demonstrated that the lack of an "opportunity to examine, test, or appraise" the items harmed him in any manner. We conclude, therefore, that the error, if any, was harmless.
The defendant next claims that the state's failure to produce the stolen goods at trial violated his rights to due process under the federal and state constitutions. "`The requirements of due process are met in the trial of a person accused of crime if he has been given the benefit of a fair and impartial trial in accordance with *Page 399 
the settled course of judicial proceedings in this state.'" (Citations omitted.) State v. Harden,175 Conn. 315, 326, 398 A.2d 1169 (1978). "In considering whether testimony concerning lost or destroyed evidence should be admitted, the trial court has to look to numerous factors including the reason for the unavailability of the evidence, the materiality of the evidence, the likelihood of mistaken interpretation of it by witnesses or the jury, and the prejudice to the defendant caused by the unavailability of the evidence." State v. Hamele, 188 Conn. 372, 381, 449 A.2d 1020 (1982).
Here the items were retained by the store pursuant to the provisions of 53a-36a (b). The security guard's description of items as common as the two bottles of perfume allegedly stolen was not likely to mislead a jury. Nor has the defendant demonstrated that the secondary evidence caused him prejudice. Under these circumstances, we conclude the requirements of due process were met.
The defendant's final contention is that the court unduly emphasized the defendant's interest in the outcome of the case in its charge to the jury, thereby depriving the defendant of his rights to due process and a presumption of innocence. The rule is well settled in this state that the court may advise a jury to consider an accused's interest in the outcome of the case when weighing the credibility of his testimony. State v. Avcollie, 188 Conn. 626, 636-37, 453 A.2d 418
(1982). The charge in this case was substantially the same as that upheld in State v. Guthridge,164 Conn. 145, 151, 318 A.2d 87 (1972), cert. denied,410 U.S. 988, 93 S.Ct. 1519, 36 L.Ed.2d 186
(1973). Nothing in the defendant's presentation persuades us to change our view.
 There is no error.
In this opinion BIELUCH and COVELLO, Js., concurred.