[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this malicious prosecution action was arrested in June, 1992 for allegedly shoplifting a pair of reading glasses from a Super Stop Shop grocery store in Newtown. The criminal charge was later nolled by the state's attorney's office. The plaintiff then brought this action seeking damages from the defendant Stop Shop, Inc. and the individual defendant Andrew Mouradian, a Stop Shop store CT Page 4271 detective who apprehended the plaintiff.
Some of the facts are undisputed. On June 27, 1992, the plaintiff went grocery shopping at the Super Stop Shop in Newtown. While in the store, the plaintiff stopped in the pharmacy section of the store to examine a rack displaying eyeglasses. He removed a pair of the glasses to examine them. The plaintiff contends that he then put the glasses back on the rack and continued with his shopping. As he exited the store, he was stopped by the defendant Mouradian, who accused the plaintiff of shoplifting the pair of eyeglasses.
The defendants contend that after removing the eyeglasses from the rack to examine them, the plaintiff placed them on the child's seat of the carriage and then moved away into another aisle. Mouradian testified that he observed the plaintiff remove the price tag from the glasses, hide the tag under a piece of furniture in the furniture department, and then place the glasses in one of his pockets.
It is undisputed that when the plaintiff was stopped outside the store, he had two pair of reading glasses on his person, neither of which bore a price tag. The plaintiff testified that he owns several pairs of reading glasses because he frequently loses or breaks them. He claims he had two pair with him that day because just before he went into the store, he grabbed a pair from his truck, not realizing that he already had a pair in his pocket. The defendants contend that the second pair on the plaintiff's person had been shoplifted.
The eyeglasses which the defendants contend were shoplifted by the plaintiff were admitted into evidence at trial. The parties stipulated that the glasses were in the custody of the Newtown Police until the charges were dropped and they had been kept at all times in a plastic bag except for inspection by counsel for Stop Shop. A second pair of glasses was also admitted to show the type of glasses which were for sale on the rack at the Stop Shop store on June 27. Both eyeglasses are virtually identical in color and style, but there is a marked difference in their condition. The glasses which defendants contend were shoplifted contain two large scratches, numerous smaller scratches and much debris such as dust and fibers. One of the "arms" of the black glasses contains a noticeable spot of a white substance which appears to be paint. The very worn condition of these eyeglasses was a significant factor in the CT Page 4272 state's attorney's decision to nolle the larceny charges against the plaintiff. Likewise, the condition of these glasses is such that this court finds that these glasses were owned and used by the plaintiff prior to his arrival at the Stop Shop store in Newtown on June 27, 1992. The plaintiff did not shoplift these glasses from the Stop Shop store.
These findings by the court do not, however, lead to an award of damages for the plaintiff. The defendants filed a special defense in this action, alleging in accordance with General Statutes 53a-119a that the defendants had reasonable grounds to believe that the plaintiff was attempting to commit or committing larceny. Subsection (a) of this statute provides that "[a]ny owner . . . or authorized employee of a retail mercantile establishment, who observes any person concealing or attempting to conceal goods displayed for sale therein . . . or transporting such goods from such premises without payment therefor, may question such person as to his name and address and, if such owner . . . or employee has reasonable grounds to believe that the person so questioned was then attempting to commit or committing larceny of such goods . . . may detain such person for a time sufficient to summon a police officer to the premises." The statute further provides in subsection (c):
 In any civil action by a person detained under the provisions of subsection (a) or (b) of this section against the person so detaining him or the principal or employer of such person arising out of such questioning or detention by any such owner, agent or employee, evidence that the defendant had reasonable grounds to believe that the plaintiff was, at the time in question, committing or attempting to commit larceny . . . shall create a rebuttable presumption that the plaintiff was so committing or attempting to commit larceny or . . .
The significance of this statute is explained in a decision in the Appellate Session of the Superior Court. In State v. Diaz, 39 Conn. Sup. 392, 394-6 (1983), Judge Daly explains that prior to the adoption of the statute, the common law was that a merchant could detain a customer with reasonable physical force to cause the person's arrest if the merchant reasonably believed CT Page 4273 that the person was stealing his goods and that the merchant would avoid civil liability for the detention if the person was convicted or in fact committed the offense. General Statutes53a-119a eliminated the requirement of proof of conviction or of commission of the crime as the basis of the merchant's freedom from civil liability. The statute instead provides merchants with a qualified privilege to detain and question suspected shoplifters and a rebuttable presumption of guilt if there were reasonable grounds to believe that the detained person was committing or attempting to commit a larceny. Id.
The court finds that there were reasonable grounds for the defendants to believe that the plaintiff was committing a larceny. It is undisputed that the plaintiff did look at the eyeglasses on display in the pharmacy section of the store and that he removed at least one pair to examine them more closely. Eyeglasses are a small item, easily concealed. When the plaintiff was stopped outside of the store, he was found to have not one, but two pairs of reading glasses which were nearly identical to those on display in the store. It is, of course, unusual for a person to be carrying two pairs of virtually identical reading glasses. Under the circumstances at the time in question, the defendants had reasonable grounds to believe that the plaintiff committed or was attempting to commit larceny.
Judgment is entered for the defendants.
CHRISTINE S. VERTEFEUILLE, JUDGE