[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court on the plaintiff's motion to strike as legally insufficient a special defense in which the defendant asserts that § 53a-119a(c) C.G.S. renders it immune from the plaintiff's claim of unlawful restraint in connection with a suspicion of shoplifting.
In her complaint, plaintiff Beverlee Barrows alleges that on CT Page 5586 April 6, 1993, after she had left the defendant's store in the Connecticut Post Mall, employees of the defendant forced her to return to the store, detained her in a room, searched her handbag without her consent, and interrogated her.
The defendant has asserted by way of special defense that "This cause of action is barred by the immunity granted the defendant pursuant to Connecticut General Statutes § 53a-119a." The above sentence is the entire text of the special defense.
Section § 53a-119a(a) C.G.S. provides that the owner of a store or the owner's agent may detain a person whom he has reason to believe was committing or attempting to commit a larceny of the store's goods.
Subsection (c) of § 53a-119a provides in relevant part that in a civil action by a person detained under the provisions of subsection (a) arising out of such detention, "evidence that the defendant had reasonable grounds to believe the plaintiff was, at the time in question, committing or attempting to commit larceny . . . shall create a rebuttal presumption that the plaintiff was committing or attempting to commit larceny. . . ."
On its face, § 53a-119a C.G.S. does not confer immunity from suit but merely a rebuttal presumption that the plaintiff was
shoplifting if the defendant adduces evidence that the defendant had reasonable grounds to believe the plaintiff was so engaged.
The text of the special defense pleaded by the defendant herein contains no statement that the store employees had reasonable grounds nor any facts that would support such a conclusion. It is elementary that a special defense must state not simply a legal conclusion but "[f]acts which are consistent with [the statements of the plaintiff's complaint] but show, notwithstanding, that [she] has no cause of action." Practice Book § 164.
The defendant has not stated any facts at all but merely its interpretation that § 53a-119a C.G.S. renders it immune from suit.
Even if the defendant had set forth facts, as required by the rules of practice, its claim of immunity is infirm as a matter of law. A motion to strike is the correct motion by which a plaintiff may challenge the legal sufficiency of a special defense. Practice Book § 152(5). The plaintiffs in this case have properly moved to CT Page 5587 strike the defendant's claim of statutory immunity because the cited statute does not confer immunity but only a rebuttal presumption that is to be applied if the defendant makes a factual showing that is determined to constitute reasonable grounds.
A rebuttal presumption is a provision shifting the burden of producing evidence to refute the presumed matter. State v. Truppi,182 Conn. 449, 457 (1980). Such burden-shifting affects the allocation of proof, but it does not create a bar to maintenance of a cause of action, as would a statutory immunity. At most, the provision upon which the defendant relies is a qualified privilege, see State v. Diaz, 39 Conn. Sup. 392, 395 (1983), not a grant of immunity.
The plaintiffs have correctly observed that § 53a-119a does not render the defendant immune from their suit, as alleged in the special defense, and the motion to strike this erroneous defense is granted.
BY THE COURT:
BEVERLY J. HODGSON, JUDGE