[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On January 23, 1998, the plaintiff, Joyce Lewis, filed an amended fifteen count complaint against the defendants, Shop-Rite Supermarkets, Inc. (Shop-Rite), Big V Supermarkets, Inc. (Big-V), and Ronald Celentano, a West Haven policeman. The complaint alleges, inter alia, false imprisonment, negligent infliction of emotional distress, intentional infliction of emotional distress, CUTPA violation, negligence, and violation of the plaintiff's civil rights.
The defendants Shop-Rite and Big-V filed an answer and special defenses on April 7, 1998. The special defenses allege the following:
"First Special Defense
Defendants are entitled to immunity pursuant to Connecticut's Merchant Statute, General Statutes § 53-119(a).
Second Special Defense
Plaintiff's causes of action are barred by the immunity granted the Defendants by General Statutes § 53-119a(a), as they had reasonable grounds to believe Plaintiff was committing a larceny at the time of the subject incident."
On April 16, 1998, the plaintiff filed a motion to strike the special defenses on the ground that § 53a-119a grants a privilege, not immunity. The plaintiff filed the requisite memorandum of law in support of her motion. The defendant filed a timely objection with a supporting memorandum.
"Whenever any party wishes to contest . . . (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." (Citation omitted; internal quotation marks omitted.) Bouchard v.People's Bank, 219 Conn. 465, 468 n. 3, 594 A.2d 1 (1991). CT Page 11324
"A demurrer may be filed by either party: a defendant can demur to the complaint; a plaintiff can demur to a special defense or counterclaim." Nowak v. Nowak, 175 Conn. 112, 116,394 A.2d 716 (1978). "A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action. . . ." (Citation omitted.) Passini v.Decker, 39 Conn. Sup. 20, 21, 467 A.2d 691 (1983).
"In reviewing the granting of a motion to strike, we take the facts alleged in the plaintiff's complaint and construe the complaint in the manner most favorable to the plaintiff. . . . This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." (Citations omitted; internal quotation marks omitted.) Westport Bank TrustCo. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495-96,605 A.2d 862 (1992).
The plaintiff argues that the defendants' special defenses are legally insufficient because § 53a-119a does not allow immunity, it only creates a qualified privilege for a merchant[1]. In opposition, the defendant asserts that it has specifically pleaded a special defense under § 53a-119a(a) and the defense is allowable based upon a recent trial court decision, Barrows v. J.C. Penney Company, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 356980 (June 17, 1994, Hodgson, J.).
Under the defendants' first special defense, the defendants assert that they are entitled to immunity pursuant to Connecticut's Merchant Statute § 53a-119(a), presuming the defendant means § 53a-119a since § 53a-119(a) is non-existent. The plaintiff asserts that § 53a-119a does not confer immunity, but provides the merchant with a qualified privilege to stop and detain a person whom the merchant may have a reasonable belief is committing a larceny in his shop. General Statutes § 53a-119a(a)[2] allows a merchant to question and detain a person he reasonably believes is committing a larceny in the merchant's establishment. The statute does not expressly contain the term immunity or privilege. "Section53a-119a(b) [now § 53a-119a(c) which refers to the provisions of § 53a-119a (a)] eliminates the requirement of proof of commission of the crime or conviction as the basis of a merchant's freedom from civil liability by granting merchants aqualified privilege to detain and question suspected shoplifters CT Page 11325 and by creating a rebuttable presumption of guilt in a civil action by the detainer, if reasonable grounds to believe that the detained person was committing or attempting to commit a larceny are shown." (Emphasis added.) State v. Diaz, 39 Conn. Sup. 392,395, 466 A.2d 318 (1983). The plaintiff cites State v. Diaz and contends that the defense pursuant to § 53a-119a is only available if pleaded as a privilege. Privilege and immunity are closely associated terms[3] and in certain circumstances could be used interchangeably. The court must construe the special defense in the light most favorable to the defendant; "[a]ll well pleaded facts in a contested pleading are deemed admitted, and should be construed in a light most favorable to the non-moving party. . . ." (Citation omitted.) Silva v. The Stop ShopCompanies, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 295633 (January 12, 1993, Leheny, J.). Therefore, although the defendants uses the term immunity instead of privilege, the defendants have asserted the applicable statute, § 53a-119a, which may provide the defendant with a defense.
The defense, however, is only available when the merchant alleges that he reasonably believed that the plaintiff was committing or attempting to commit a larceny. "In order for the defendant to claim the [merchant's] privilege [pursuant to General Statutes § 53a-119a], the defendant must allege that he observed the plaintiff concealing or attempting to conceal goods and that he reasonably believed that the plaintiff was committing or attempting to commit larceny of the goods." Silvav. The Stop Shop Companies, supra, Superior Court, Docket No. 295633. Under the first special defense, the defendants fail to assert that Shop-Rite employees had a reasonable belief that the plaintiff was committing a larceny in Shop-Rite. Thus, the defendants have failed to make the requisite factual assertions to avail themselves of the privilege under § 53a-119a, or to meet the requisites of Practice Book § 164, now Practice Book (1998 Rev.) § 10-50. The first special defense states only a legal conclusion. "The legal sufficiency of a special defense may be determined by reference to Section 164 of the Practice Book [now Practice Book (1998 Rev.) § 10-50], which provides that facts which are consistent with the plaintiff's statements of fact but which show, notwithstanding, that he has no cause of action, must be specially alleged." Silva v. The Stop ShopCompanies, supra, Superior Court, Docket No. 295633. Therefore, based on the above, the plaintiff's motion to strike the defendants' first special defense is granted. CT Page 11326
As to the second special defense, the defendants assert immunity from suit specifically under § 53a-119a(a) and that their employees had reasonable grounds to believe that the plaintiff was committing larceny in the Shop-Rite Supermarket on the day in question. So, here the defendants, rather than asserting a bare legal conclusion as in their first special defense, allege facts as part of their special defense. As explained above, § 53a-119a(a) grants the merchant a privilege to detain any person who the merchant reasonably believes is committing or attempting to commit a larceny within his retail establishment. "The operation of § 53a-119a(a) would be such that the plaintiff would have no right of recovery if the trier of fact found that the defendant and its employees took only the actions authorized by § 53a-119a. . . ." Barrowsv. J.C. Penney Company, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 356980 (June 17, 1994, Hodgson, J.). Although the defendants use the term immunity instead of privilege, the defendants nevertheless set forth the applicable statute within the second special defense. As the court found in Barrows, § 53a-119a prevents recovery, if the merchant acts within its guidelines. See also Degennaro v. Stop Shop, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 300308 (April 26, 1994, Vertefeuille, J.) (defendant-merchant found to have reasonable grounds to believe plaintiff-detainee was attempting a larceny, therefore the court rendered a judgment in favor of the defendant). Because the defendants have set forth an appropriate defense under §53a-119a(a) and have asserted they had reasonable grounds to believe the plaintiff was committing a larceny, plaintiff's motion to strike the defendants' second special defense is denied.
Howard F. Zoarski Judge Trial Referee