*624 OPINION OF THE COURT
Manuel J. Mendez, J.
It is ordered that plaintiff’s motion is granted to the extent of permitting service of an amended complaint and preliminarily enjoining Macy’s from demanding payment of civil penalties from individuals suspected of shoplifting while they are in Macy’s custody.
Plaintiff Cinthia Carolina Reyes Orellana filed a supplemental summons and class action complaint on November 12, 2015, asserting causes of action against defendant Macy’s Retail Holdings, Inc., doing business as Macy’s, formerly known as Macy’s East, also known as Macy’s, Inc., for: (1) false imprisonment/arrest; (2) abuse of process; (3) assault/battery; (4) unjust enrichment; and (5) declaring New York’s civil recovery statute under General Obligations Law § 11-105 void for vagueness under New York State Constitution, article I, § 6 and 42 USC § 1983.
Plaintiff also asserts causes of action one and four against the Law Offices of Palmer, Reifler and Associates, P.A., as the law firm that represents Macy’s in its attempts to collect the monetary civil penalties from those individuals Macy’s has accused of shoplifting by sending demand letters for said penalty payments to said individuals.
This action arises out of plaintiff’s detention by Macy’s Loss Prevention Officer Luz Baez for an alleged shoplifting incident that occurred on July 18, 2014. Plaintiff commenced this action individually and as a class action asserting the illegality of: (1) Macy’s shoplifting prevention practices, including Macy’s alleged practice of coercing unsuspecting consumers into sign-’ ing confessions while being detained for alleged shoplifting and exacting monetary penalties from accused shoplifters at the time they are detained; and (2) the continued demands by Macy’s through Palmer, after the accused shoplifter is released from Macy’s detention, for higher civil penalties, attorneys’ fees and punitive damages not authorized by the statute (motion exhibit A).
Macy’s, a mercantile establishment, is empowered under General Business Law § 218 and General Obligations Law § 11-105 to use these statutes as a shield, and as a form of protection of its establishment and merchandise, against shoplifting. Combined, these two statutes give mercantile establishments the ability to detain and demand payment of civil penalties if the establishment suspects, and upon an internal investigation, determines, that the individual was shoplifting.
*625 General Business Law § 218 provides in part that
“[i]n any action for false arrest, false imprisonment . . . assault, trespass, or invasion of civil rights, brought by any person by reason of having been detained on . . . the premises of (a) a retail mercantile establishment for the purpose of investigation or questioning . . . as to the ownership of any merchandise . . . it shall he a defense to such action that the person was detained in a reasonable manner and for not more than a reasonable time to permit such investigation or questioning by . . . the owner of the retail mercantile establishment or . . . his authorized employee or agent, and that such officer, owner, employee or agent had reasonable grounds to believe that the person so detained . . . was committing or attempting to commit larceny on such premises of such merchandise . . . . As used in this section, 'reasonable grounds’ shall include, but not be limited to, knowledge that a person (i) has concealed possession of unpurchased merchandise . . . and a ‘reasonable time’ shall mean the time necessary to permit the person detained to make a statement or to refuse to make a statement, and the time necessary to examine employees and records of the mercantile establishment relative to the ownership of the merchandise.” (Emphasis added.)
General Obligations Law § 11-105 provides in part that
“5. An adult or emancipated minor who commits larceny against the property of a mercantile establishment shall be civilly liable to the operator of such establishment in an amount consisting of: . . .
“(b) a penalty not to exceed the greater of five times the retail price of the merchandise or seventy-five dollars; provided, however, that in no event shall such penalty exceed five hundred dollars. . . .
“7. A conviction or a plea of guilty for committing larceny is not a prerequisite to the bringing of a civil suit, obtaining a judgment, or collecting that judgment under this section.
“8. The fact that an operator of a mercantile establishment may bring an action against an individual . . . shall not limit the right of such merchant to demand, orally or in writing, that a person who is liable for damages and penalties *626 under this section remit the damages and penalties prior to the commencement of any legal action.”
In furtherance of the relief sought in the complaint, plaintiff now moves for (1) a preliminary injunction enjoining Macy’s from apprehending, detaining, confining, or arresting any and all individuals, and demanding, requesting, collecting, receiving, or accepting any payments in connection with General Obligations Law § 11-105, from such individuals, and from their parents or legal guardians if an individual is a minor, for committing or attempting to commit larceny on Macy’s premises; (2) a preliminary injunction enjoining defendant Palmer from demanding, requesting, collecting, receiving, and/or accepting any payments on behalf of Macy’s and in connection with General Obligations Law § 11-105, from any and all individuals, and their parents or legal guardians; or in the alternative, enjoining the defendants from enforcing the provisions of General Obligations Law § 11-105; and (3) pursuant to CPLR 3025, granting leave to amend the class action complaint to add an additional plaintiff, Samya Moftah.
CPLR 6301 grants this court the power to issue an order directing the defendant to perform an act for the benefit of plaintiff, or to refrain from performing an act which would be injurious to the plaintiff. A preliminary injunction may be granted under CPLR article 63 when the party seeking such relief demonstrates (1) a likelihood of success on the merits, (2) the prospect of irreparable injury, and (3) a balance of equities tipping in the moving party’s favor (Doe v Axelrod, 73 NY2d 748 [1988]).
“[A] party seeking the drastic remedy of a preliminary injunction must [nevertheless] establish a clear right to that relief under the law and the undisputed facts upon the moving papers” (1234 Broadway LLC v West Side SRO Law Project, Goddard Riverside Community Ctr., 86 AD3d 18, 23 [1st Dept 2011]).
Plaintiff has shown a likelihood of success on the merits and the prospect of irreparable injury as against Macy’s. Macy’s has combined the power it was given under the statutes by using this power as a double-edged sword instead of a shield. However, under General Obligations Law § 11-105 Macy’s is given the authority to pursue and collect a money judgment through its attorneys; therefore plaintiff has failed to show a likelihood of success on the merits as to defendant Palmer.
Plaintiff argues that defendants have no legal justification to confine Macy’s customers and collect monies under General *627 Business Law § 218 and General Obligations Law § 11-105 when a customer is suspected of shoplifting. Although the statutes separately provide the defendants the power under General Business Law § 218 to detain an individual under suspicion of shoplifting, and the power under General Obligations Law § 11-105 to demand payment of penalties from the individual suspected of shoplifting, Macy’s alleged practice of detaining suspected shoplifters, then while these individuals are in Macy’s custody immediately demanding confessions and the payment of money for civil penalties, is not something contemplated in the statutes and is unfair to the individuals confined.
“The special legislation enacted for the unique problems of retail establishments was never intended by the Legislature to confer a license to embarrass, humiliate and harm innocent business invitees and consumers. . . .
“It is inconceivable that the Legislature enacted [General Business Law § 218] to confer a ‘sword’ into the hands of . . . mercantile establishments.” (Keefe v Gimbel’s, 124 Misc 2d 658, 659, 663 [Civ Ct, NY County 1984].)
A review of the bill introduced and passed by the legislature to amend the General Obligations Law shows that the intent of the legislature was to provide mercantile establishments with a civil cause of action for shoplifting. This new bill to enact General Obligations Law § 11-105 stated that the purpose was “[t]o authorize a merchant to institute a civil cause of action for shoplifting violations instead of relying upon a District Attorney to institute a criminal action for petty larceny.” (Sponsor’s Mem, Bill Jacket, L 1991, ch 724 at 4, attached as motion exhibit 14.) The bill’s fiscal implications are that “[l]ocal governments will realize a savings to the extent that merchants will pay for their own attorneys to institute civil actions instead of relying upon District Attorneys to prosecute shoplifters.” (Id.)
Under the “Justification” section for the bill it states that retailers will be authorized to institute actions on their own behalf against shoplifters. The benefits include: (1) the store owner will be authorized to recover damages against the shoplifter instead of being forced to raise prices against the public, so that the perpetrator bears the expense of enforcement and litigation instead of the public having to pay higher *628 prices for shoplifting losses and surveillance expenses; (2) the criminal courts will be relieved of prosecuting these cases and will allow for most cases to be resolved through a civil action or through court settlement; and (3) teenagers and other individuals caught shoplifting “will be allowed to resolve their shoplifting infraction without being saddled with a criminal record.” (Id.)
“By statute, store detectives and other employees of retail stores are empowered to arrest or detain individuals suspected of shoplifting. Like police officers they are relieved of civil liability for false arrest if they can show reasonable grounds for the suspicion (Jacques v Sears, Roebuck & Co., 30 NY2d 466). Nevertheless in exercising this authority store employees are generally held to act as private individuals and not as police officers” (People v Jones, 47 NY2d 528, 532 [1979], citing People v Horman, 22 NY2d 378 [1968]).
Where the mercantile establishment asserts it had reasonable grounds to believe an individual was attempting to commit larceny, and that she was detained in a reasonable manner and for a reasonable time to permit investigation, “then defendant’s defense would be complete.” (Best v Genung’s, Inc., 46 AD2d 550, 552 [3d Dept 1975], citing Farina v Saratoga Harness Racing Assn., 20 AD2d 750 [3d Dept 1964].) However, questions of reasonableness arise where an individual’s version of the events surrounding his or her detainment provides that he/she could not leave until signing a statement. (Best.)
“The defense of section 218 was designed to protect the merchant so long as it is not used to abuse the public.” (Spitzer v Abraham & Straus, 106 Misc 2d 589, 591 [Civ Ct, Queens County 1980] [holding that the protection of section 218 ended when the plaintiff refused to sign an incriminating statement and the evidence indicated plaintiff was only released after being required to sign the incriminating statement].) “A retail merchant does not have the right to condition the release of a detainee upon the execution of an incriminating statement.” (Id.) A retail merchant has a right under General Business Law § 218 to detain an individual for investigation; however, this detention must be in a reasonable manner and not impose unconscionable conditions. (Id.) A defendant will forfeit its defense under General Business Law § 218 as a result of its unreasonable conduct in the detention of plaintiff. (Id.)
*629 The legislative intent behind General Business Law § 218 and General Obligations Law § 11-105, together with the case law cited above, show an intent to provide mercantile establishments with a shield for the benefit of these establishments and the general public against shoplifting. It is the manner in which this shield is being used that proves problematic.
Here, Macy’s treads on a thin line between permissible and impermissible behavior when it implements the power it has been given under the statutes. Defendant has taken the authority granted to it under General Business Law § 218 to detain an individual for shoplifting, and has combined that with the authority it is given under General Obligations Law § 11-105 to collect civil penalties from an individual suspected of shoplifting. These statutes as allegedly applied by defendant are being used as a double-edged sword, instead of a shield. A suspected shoplifter is given no opportunity to otherwise object, have a hearing, or receive guidance from counsel before signing a confession to shoplifting, and/or agreeing to pay civil penalties because the civil penalties are being demanded at the time the individual is under detention by Macy’s.
The irreparable injury occurs when an unsuspecting consumer that may have moved between floors or departments, as the plaintiff alleges to have done here, is then taken into custody and detained by a loss prevention officer on suspicion of shoplifting. This consumer is detained, and possibly coerced into signing a confession to obtain her release, together with being forced to pay civil penalties or agree to pay civil penalties immediately before being released. The issue is not whether or not Macy’s can demand civil penalties from suspected shoplifters; a mercantile establishment is clearly empowered to do so under the statute. The problem lies when this demand for payment is made while the consumer is being detained. An individual without knowledge of his rights and suspected of shoplifting may be forced into signing a confession for shoplifting and into signing a promise to pay a civil penalty when he may not be guilty of the crime, in the hopes that if he just signs the confession and the promise to pay the penalties demanded he can be released from Macy’s detention.
Not only does this prove problematic, but it appears that Macy’s is acting way beyond the scope permitted for a private actor under General Business Law § 218. The purpose of General Business Law § 218, as stated above, was to provide an affirmative defense to any civil action for false imprison *630 ment brought by an individual detained for shoplifting. The statute states that this private actor can detain a suspected shoplifter for a reasonable time and in a reasonable manner, and more specifically a “ ‘reasonable time’ shall mean the time necessary to permit the person detained to make a statement or to refuse to make a statement, and the time necessary to examine employees and records of the mercantile establishment relative to the ownership of the merchandise.” (General Business Law § 218.) However, Macy’s is not just taking the time to allow the suspected shoplifter to make or refuse to make a statement. It appears that Macy’s is detaining, investigating, eliciting a confession and recovering civil penalties at the time the suspected shoplifter is in Macy’s custody, and then instead of releasing the individual, continuing to detain him or her and pursue criminal punishment. This is not what is contemplated under the statute and these actions by Macy’s, a private actor, go beyond what the legislature envisioned when it enacted General Business Law § 218 and General Obligations Law § 11-105.
A review of case law regarding a possible abuse of the power granted to mercantile establishments under General Business Law § 218 shows strikingly similar patterns of suspected shoplifters signing “voluntary statements” to obtain their releases from the merchant’s custody, the subsequent arrest of these suspected shoplifters, and the voluntariness of these statements being brought into question. (See Restrepo v Home Depot U.S.A., Inc., 29 Misc 3d 1237[A], 2010 NY Slip Op 52185[U] [Sup Ct, Queens County 2010].) Here, plaintiff provides her affidavit, and the affidavit of Ms. Samya Moftah, alleging Macy’s pattern of persuading individuals in its custody to sign a confession and agree to pay a civil penalty under the guise that the individual will be able to leave. Instead, after obtaining a signed confession and payment for the civil penalty, Macy’s calls the police and continues to detain these individuals until the police arrive to arrest them. There is no language in the statutes empowering Macy’s to continue to detain these individuals once Macy’s investigation is complete.
Based on the evidence presented in plaintiff’s papers, plaintiff alleges, and it appears that Macy’s, a private actor acting under color of a state statute, may be depriving individuals suspected of shoplifting of their rights, privileges and immunities secured by the Constitution and the laws. This sort of behavior may be a violation of due process and should not be *631 condoned. (See 42 USC § 1983; Sharrock v Dell Buick-Cadillac, 45 NY2d 152 [1978].) Where private conduct becomes “so pervaded by governmental involvement that it loses its character as such[,] [this] invokes the full panoply of constitutional protections.” (People v Ray, 65 NY2d 282, 286 [1985].)
An “indicia of State involvement, which may transform private conduct into State action, include [s] ... a private act undertaken on behalf of the police to further a police objective.” (People v Ray at 286; see also People v Dorman; People v Adler, 50 NY2d 730 [1980].)
After Macy’s summons the police to come arrest the individual, Macy’s gives the arresting officers Macy’s loss prevention officer’s supporting deposition which details the shoplifting incident. This supporting deposition provides the police with probable cause to arrest the individual and charge him/ her with petit larceny, without having to conduct their own individual investigation. These, “private actions” taken by Macy’s is like an assembly line of putting suspected shoplifters through the criminal system. It begins with Macy’s detaining the individual based on their loss prevention officer’s “reasonable” grounds to believe shoplifting has occurred, a confession being elicited and a demand for payment being made, and then continuing to detain the individual until he or she is arrested by police and charged with a crime. It ends with these suspected shoplifters having to incur legal costs in defending the criminal charges and/or agreeing to a plea or taking an “adjournment in contemplation of dismissal,” again all based upon the “private actor’s” actions. It appears, and could be argued, that these private acts by Macy’s are furthering the police objective to provide a basis to arrest these individuals and have them prosecuted.
The legislative bill jacket and the New York State Assembly debate transcript for General Obligations Law § 11-105 provide that the statute was designed to take these cases out of the criminal context by giving mercantile establishments the ability to demand civil penalties. The statute was designed, and presented to the legislature, as not only providing relief for the criminal courts from prosecuting these cases, but also giving those individuals who are caught shoplifting the opportunity “to resolve their shoplifting infraction without being saddled with a criminal record.” (Sponsor’s Mem, Bill Jacket, L 1991, ch 724 at 4.) In contrast to the legislative intent it appears that Macy’s is doing the exact opposite. Macy’s is acquiring its *632 civil relief as provided for under the statute, while continuing to detain these individuals, and subjecting them to arrest and prosecution anyway.
It appears that Macy’s is acting beyond the scope of its power given under the statutes. In that case, the balance of the equities tips more favorably for plaintiff. The harm a consumer will encounter in being detained, confessing and agreeing to pay a civil penalty while in detention far outweighs the harm, if any, Macy’s would incur in being enjoined from demanding confessions and payments while the individual is under detention. A preliminary injunction preventing Macy’s from demanding written confessions and payments from a suspected shoplifter while in detention in no way prevents Macy’s from proceeding to demand payment through a collection effort by its attorneys, or through a civil action, after the suspected shoplifter has been released. It should be noted that the bill jacket contemplates those suspected of shoplifting would be informed that the merchant will seek civil restitution, then be allowed to leave the store, then be served with a demand letter with an offer to settle. Demanding payment while the suspected shoplifter is under the merchant’s detention is not contemplated.
In fact, there is current proposed legislation under New York Assembly Bill 5581 addressing these exact issues. The latest version of the proposed legislation includes amending General Business Law § 218 to reflect that a “reasonable time” is “not to exceed one hour, except for extraordinary circumstances” (2015 NY Assembly Bill A5581-B, [NS] § 1, adding General Business Law § 218 [3] [May 26, 2016]). There is also a new proposed subdivision which states in part that
“The release from detention shall not be conditioned upon any requirement that, the person detained pursuant to subdivision one of this section, or his or her parent or legal guardian, sign any documents, statements, or agreements to pay damages. Any documents presented shall not contain any message stating that such document or statement is being signed voluntarily and without coercion. Any person detained, or his or her parent or legal guardian, who signs any statement or documents, shall, upon release, be provided with copies of such statements or documents so signed.” (Id., adding General Business Law § 218 [4].)
*633 This proposed legislation reflects the corrective measures already being undertaken in an effort to limit the abuses being committed by mercantile establishments under the statute.
Plaintiff also moves pursuant to CPLR 3025 for an order granting leave to amend her class action complaint to add an additional plaintiff, Samya Moftah, as an additional class representative. Included with this motion is an affidavit by Ms. Moftah describing in detail the incident that led to her detention and a demand for payment of a civil penalty for suspected shoplifting by Macy’s. Plaintiff attaches the amended class action complaint (motion exhibit 16).
The motion for leave to amend the complaint is granted. Leave to amend pleadings pursuant to CPLR 3025 (b) should be freely given “absent prejudice or surprise resulting directly from the delay” (Anoun v City of New York, 85 AD3d 694, 694 [1st Dept 2011], citing Fahey v County of Ontario, 44 NY2d 934, 935 [1978]), “or if the proposed amendment is palpably improper or insufficient as a matter of law” (McGhee v Odell, 96 AD3d 449, 450 [1st Dept 2012], citing Shepherd v New York City Tr Auth., 129 AD2d 574, 574 [2d Dept 1987]). “Prejudice arises when a party incurs a change in position or is hindered in the preparation of its case or has been prevented from taking some measure in support of its position, and these problems might have been avoided had the original pleading contained the proposed amendment” (Valdes v Marbrose Realty, 289 AD2d 28, 29 [1st Dept 2001]).
The amended class action complaint is not palpably improper and does not cause the defendants prejudice or surprise resulting directly from the delay in adding Ms. Moftah as a plaintiff.
Although plaintiff in her papers demands a broad preliminary injunction, at oral argument she seeks a much narrower remedy. Plaintiff only seeks that Macy’s be preliminarily enjoined from demanding payment of civil penalties while a suspected shoplifter is detained in Macy’s custody.
Accordingly, it is ordered that plaintiff’s motion for a preliminary injunction enjoining Macy’s from demanding, requesting, collecting, receiving, or accepting any payments in connection with General Obligations Law § 11-105 from suspected shoplifters while they are detained under Macy’s custody pursuant to General Business Law § 218 is granted, and it is further, ordered, that plaintiff’s motion to amend the pleadings is granted, and it is further, ordered, that defendant Macy’s Retail Holdings, Inc., doing business as Macy’s, formerly *634 known as Macy’s East, also known as Macy’s, Inc., is preliminarily enjoined from demanding, requesting, collecting, receiving or accepting payments in connection with General Obligations Law § 11-105 from suspected shoplifters while they are detained under Macy’s custody pursuant to General Business Law § 218, and it is further, ordered, that the plaintiff is granted leave to amend the class action complaint to add the additional plaintiff Samya Moftah, and it is further, ordered, that the amended complaint in the form annexed to the moving papers shall be deemed to have been served upon service by plaintiff on defendants’ attorneys of a copy of this order with notice of entry.